Foster *v.* Waller.

4-6601                                   158 S. W. 2d 657

Opinion delivered February 9, 1942.

*Walter L. Brown* and *Melvin Chambers,* for appellant.

*Edwin B. Keith* and *McKay, McKay & Anderson,* for appellee.

Griffin Smith, C. J. March 25, 1937, by "mineral deed and royalty contract," J. A. and Leonia Foster, husband and wife, conveyed to A. L. Waller "An undivided one-sixteenth portion of and interest in and to all of the oil, gas, and other minerals in and under and that may be produced from . . . the west half of the northeast quarter of section twenty-four, township seventeen south, range twenty west [in Columbia county] containing 160 acres, more or less." Milton J. Houston was interested in the purchase with Waller, although Waller took title.

September 24, 1937, the same grantors, by royalty deed, conveyed to Waller[1] ". . . an undivided one-half interest in all the oil royalties, gas royalties, and other mineral royalties which may hereafter be produced from . . . northeast quarter of section twenty-four, township seventeen south, range twenty west [in Columbia county]. . . . this instrument is made for the purpose of clarifying and correcting that certain instru-

---

[1] As in the first instance, both Waller and Houston were interested.

ment by and between the parties hereto dated March 25, 1937, and recorded in book 33, page 7, of the oil and gas lease records of Columbia county, Arkansas, and is executed and delivered in lieu of said instrument.''

In September, 1940, the Fosters sued, alleging fraud was practiced upon them in procuring the second deed. Specifically, it was charged that Waller and Houston falsely represented to them that by signing ''certain papers'' a lawsuit threatened by Donnie Bush would be ''stopped''; that because appellants are illiterate, advanced in years, and could not read the instruments presented, they relied upon Waller and Houston, and did not know the effect of what was being done.

Waller conveyed an interest to Houston, and the two executed royalty deeds to various individuals and corporations. Defendants holding under Waller and Houston, and grantees of those to whom Waller and Houston conveyed, demurred to the complaint, contending they were innocent purchasers for value without notice that fraud had been perpetrated by Waller and Houston. Appellees are subsequent grantees who deraign title through Waller and Houston. Whether Waller and Houston defrauded appellants is not an issue, inasmuch as the demurrer raised but a single question—that is, Was the record such as to put appellees on notice that Waller and Houston had pursued a course of conduct so contradictory or conflicting in results as to arouse the suspicions of a reasonably prudent person?

The demurrer was sustained. This appeal is the result.

By the first deed appellants conveyed one-sixteenth of all oil, gas, and other minerals. Eighty acres were described, but the recital was that the tract contained ''160 acres, more or less.''

The second deed conveyed half of the royalties—not expressed as minerals. Effect of this transaction was to vest in Waller one-half of one-eighth (equivalent to one-sixteenth) of ''all the oil royalties, gas royalties, and other mineral royalties'' pertaining to the northeast quarter of section twenty-four. While the first deed

described 80 acres and recited 160, the second deed described 160 acres without reciting the result.

The second deed was executed several months before oil was discovered in the Magnolia field. Actual production occurred in March, 1938. Four wells, referred to as "prolific producers of oil and gas," were completed on the 160 acres described in the second deed.[2]

If the mere fact that the Fosters executed the second deed were not sufficient to protect innocent purchasers from Waller and Houston, the explanation *why* it was given—that is, "for the purpose of clarifying and correcting" the former deed—is conclusive.

As between appellants, and Waller and Houston, the charge of fraud and overreaching might be sustained in a proceeding wherein that issue arose; but in the light of the record, and in view of appellants' statement that for the purpose of argument it would be conceded that those who filed the demurrer paid value for the interests obtained, and purchased in good faith, it must be held that the chancellor's decree was correct.

Affirmed.

---

[2] Title to the northeast quarter of section twenty-four, township seventeen south, range twenty west, and to an additional tract embracing 19.72 acres, was involved in *Foster* v. *Gunnels*, 200 Ark. 842, 141 S. W. 2d 513. Gunnels lost in his effort to have a deed executed in favor of Foster declared a mortgage.